IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LISA KRAMER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 2:13-CV-294-TMH |
| | ) |
| ELMORE COMMUNITY HOSPITAL, et al), | |
| | ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

This case is before the court on a 42 U.S.C. § 1983 action filed by Lisa Kramer ["Kramer"], an indigent individual formerly incarcerated at the Elmore County Jail, in which she challenges the action of employees of a private hospital upon her transfer from the jail for medical treatment. *Complaint - Doc. No. 1* at 1 (On May 1, 2011, the plaintiff was transported by ambulance to the emergency room of the Elmore Community Hospital after an alleged assault by jail personnel. "I lost my reality in cell and prepared myself for fainting or whatever - @ Hospital they allowed my jailer female to say that I had been beaten by my family and or [suffered a] seizure" rather than advising that jail officials were responsible for my condition.).

Upon thorough review of the complaint, the court concludes that summary dismissal of this case is appropriate under 28 U.S.C. § 1915(e)(2)(B)(i).[1]

---

[1] The court granted Kramer leave to proceed *in forma pauperis*. *Order of May 2, 2013 - Doc. No. 3*. Under the circumstances of this case, the complaint is due to be screened in accordance with the provisions of 28 U.S.C.

## II.  DISCUSSION

Kramer complains that emergency room personnel obtained information from jail officials regarding the nature of her condition prior to providing treatment to her.  This allegation provides no basis for relief.

An essential element of a 42 U.S.C. § 1983 action is that the conduct complained of deprived the plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States.  *Parratt v. Taylor*, 451 U.S. 527 (1981); *American Manufacturers Mutual Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50, 119 S.Ct. 977, 985 (1999).  The mere receipt of information with respect to the alleged cause of an injury suffered by a patient, standing alone, does not violate the Constitution or federal law.  In light of the foregoing, the court concludes that the claim presented in the complaint is frivolous and subject to dismissal pursuant to the directives of 28 U.S.C. § 1915(e)(2)(B)(i).

## III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be DISMISSED with prejudice prior to service of process in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

It is further

ORDERED that **on or before May 21, 2013**, the parties may file objections to this

---

§ 1915(e)(2)(B).  This screening procedure requires the court to dismiss civil action challenging actions taken against an inmate prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 7th day of May, 2013.

                                            /s/Charles S. Coody
                                          CHARLES S. COODY
                                          UNITED STATES MAGISTRATE JUDGE